# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

_Ezekiel Davis_

Plaintiff's full name (Please print)

v.

_Kevin Stitt; Scott Crow; Tommy Sharp,_
Defendant(s)' full name (Please print)
_Mr. Gentry, Warden DCF; Core Civic, Inc.,_
_Patricia Sells; Supplemental Health Care, Marty Welp;_
_Dr. Fred Sanders; Ray Larimer; Okla. Department_
_of Corrections; Cheri Atkinson_

CIV 2 0 - 3 8 4 - R A W

Case No. _____
(To be filled out by Clerk's Office only)

FILED

OCT 2 8 2020

PATRICK KEANEY
Clerk, U.S District Court

By_____
Deputy Clerk

For additional names please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. **The names listed in the above caption must be
identical to those contained in Section IV, pursuant to Fed.
R. Civ. P. 10(a).**

---

**NOTICE**

_Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3 address the privacy and security
concerns resulting from public access to electronic court files. Under these rules, papers filed with
the court should not contain: an individual's full social security number or full birth date; the full
name of a person known to be a minor; or a complete financial account number. A filing may
include only: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number._

**Each claim you raise must be properly exhausted.** _If the evidence shows that you did not fully
comply with an available prison grievance process prior to filing this lawsuit, the court may
dismiss the unexhausted claim(s) or grant judgment against you. See 42 U.S.C. 1997e(a)._

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.**

---

## I.   JURISDICTION

*Indicate below the federal legal basis for your claim, if known.*

☒   42 U.S.C. § 1983 (state, county, or municipal defendants)

☐   Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.   PLAINTIFF INFORMATION

*Ezekiel Davis*
Full name

*N/A*
Aliases

*186754*
Prisoner ID #

*Davis Correctional Facility (DCF)*
Place of Detention/Incarnation

*6888 E. 133rd Rd.*
Institutional Address

*Holdenville*
City

*Okla.*
State

*74848*
Zip Code

## III.   PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☒   Convicted and sentenced state prisoner
☐   Convicted and sentenced federal prisoner

Rev. 07/2019

## IV.    DEFENDANT(S)' INFORMATION

*List the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained on the first pate. Attach additional sheets of paper as necessary. Do not write on the backs of any additional sheets. See Local Civil Rule 5.2(a).*

Defendant 1:   <u>Kevin Stitt</u>
                 Full Name

               <u>Governor</u>
                 Current Job Title

               <u>State Captol Building</u>
                 Current Work Address

               <u>Oklahoma City, Okla</u>          <u>73136</u>
                 City                      State            Zip Code


Defendant 2:   <u>Scott Crow</u>
                 Full Name

               <u>Director - ODOC</u>
                 Current Job Title

               <u>3400 N. Martin Luther King</u>
                 Current Work Address

               <u>Okla. City</u>      <u>Okla.</u>      <u>73136</u>
                 City                State            Zip Code

Defendant 3:     Tommy Sharp
                 *Full Name*

                 Warden
                 *Current Job Title*

                 1301 N. West St.
                 *Current Work Address*

                 McAlester          Oklah          74502
                 *City*             *State*        *Zip Code*


Defendant 4:     Mr. Gentry
                 *Full Name*

                 Warden DCF
                 *Current Job Title*

                 6888 E. 133Rd Rd.
                 *Current Work Address*

                 Holdenville        Okla.          74848
                 *City*             *State*        *Zip Code*


Defendant 5:     Core Civil, Inc. (Corrections Corporation of America.)
                 *Full Name* Patricia Sells
                 Owner - Davis Correctional Facility (DCF)
                 *Current Job Title*

                 10 Burton Hills Blvd.
                 *Current Work Address*

                 Nashville          Tenn           37135
                 *City*             *State*        *Zip Code*

Defendant 6:  *MARTY WELP, SHC - SERVICES, INC.*
_____
Full Name

*SENIOR MARKET MANAGER*
_____
Current Job Title

*1640 W. Redstone Center Drive, Ste 200*
_____
Current Work Address

*Park City*            *Utah*            *84098*
_____
City                   State             Zip Code


Defendant    *DR. FRED SANDERS*
_____
Full Name

*Doctor*
_____
Current Job Title

*6888 E. 133rd Rd.*
_____
Current Work Address

*Holdenville*          *Okla.*           *74848*
_____
City                   State             Zip Code


Defendant    *RAY LARIMER*
_____
Full Name

*Health Service Administrative (HSA)*
_____
Current Job Title

*6888 E. 133rd Rd.*
_____
Current Work Address

*Holdenville*          *Okla.*           *74848*
_____
City                   State             Zip Code


Rev. 07/2019

5

ADDITIONAL DEFENDANTS

Defendant _Cheri Atkinson_ is a citizen of
_Oklahoma City_ and is employed
(City, State)

as _Medical Servic Administrator_
(Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of
state law? ✔yes ___no. If your answer is "YES", briefly explain:

_Cheri Atkinson retaliated by placing me on grievance restriction_
_for exercising my First Amendment Right, Restriction was_
_punish not Abuse occured._

Defendant _Oklahoma Dept of Correction_ is a citizen of
_Oklahoma City_ and is employed
(City, State)

as _State Penal Institution_
(Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of
state law? ✔yes ___no. If your answer is "YES", briefly explain:

_Showing deliberate indifference to my health and safety_
_And my serious medical needs._

Defendant_____ is a citizen of
_____ and is employed
(City, State)

as_____
(Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of
state law? ___yes ___no. If your answer is "YES", briefly explain:

_____
_____

-6-

## V.    STATEMENT OF CLAIMS

### A.  Claim 1

Date(s) of occurrence: _DEC. 19, 2019_

Place(s) of occurrence: _Oklahoma State Penitentiary_

*State which of your federal constitutional or federal statutory rights have been violated:*

_Eighth Amendment - Cruel Unusual Punishment_

**Briefly** *state the FACTS that support your case.  Provide* **a short and plain statement** *of how each named defendant was personally involved in the violation of your constitutional rights and why you are entitled to relief from each named defendant.  See Fed. R. Civ. P. 8(a).  Do not cite case law.*

FACTS: _See: Claim One (1) - Pg. (9)_
_Plaintiff's Eighth Amendment Is_
_Being Violated By Defendants_

### B.  Claim 2

Date(s) of occurrence: _DEC, 19, 2019_

Place(s) of occurrence: _Oklahoma State Penitentiary_

*State which of your federal constitutional or federal statutory rights have been violated:*

FACTS: _See: Claim Two (2) - Pg (12)_
_Declaratory Judgment Act_
_28 U.S.C. Sec. 2201_

### C. Claim 3

Date(s) of occurrence: _Dec. 19, 2019_

Place(s) of occurrence: _Oklahoma State Penitentiary_

*State which of your federal constitutional or federal statutory rights have been violated:*

_PLRA - Exhaust of Available Administrative Remedies_

**FACTS:** _SEE: Claim (3) - pg.(14)_

### D. Claim 4

Date(s) of occurrence: _Oct. 2, 2020_

Place(s) of occurrence: _Davis Correctional Facility_

*State which of your federal constitutional or federal statutory rights have been violated:*

_Eighth Amendment - Cruel Unusual Punishment_

**FACTS:** _SEE: Claim (4) - pg. (15)_
_Plaintiff's Eighth Amendment Is Being_
_Violated By Defendants At Davis Correctional_
_Facility / Denial of Continuity of Care /_
_Continuing Violation_

_E. Claim-5 - April 15, 2020 - October 14, 2020_
_Place Occurred OSP - ODOC Medical Service - "First And_
_Eighth Amendment Violation, Deliberate Indifference"_
_SEE: Claim 5, page (19)_

## Claim One (1)

### Plaintiff's Eighth Amendment Is Being Violated By Defendants

1.) On April 28, 2020 this Court granted Plaintiff's leave to Proceed In Forma Pauperis.

2.) This case was initially filed as a "Class Action" with Co-Plaintiff's Adam Bishop # 274027 (terminated); David Stamper (terminated)(DOC # 695812); Peyton Keely # 581024 (terminated).

3.) Plaintiff is confined by the Oklahoma Department of Corrections in Oklahoma State Penitentiary in McAlester Okla. .where several OSP state have had covid-19 and are immune but can infect others still work at OSP.

4.) Plaintiff has been exposed to a risk of a infectious disease by the ODOC/OSP employees coming to work with Coronavirus (COVID-19), showing deliberate indifference to my health and safety - meeting the Objective Standard Cruel and Unusual Confinement.

5.) The Defendants Govenor, Kevin Stitt; Scott Crow, Director ODOC; And Tommy Sharp, Warden OSP are showing deliberate indifference to my health and safety by exposing me to a risk of a infectious disease that pose serious damage to my future health, And the Eighth Amendment forbids the unnecessary and wanton infliction of pain, And "a remedy for unsafe conditions need not await a tragic event". See: Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475 (1993)

(9)

6.) The Coronavirus (COVID-19) was discovered in the U.S.A. in December 2019, and has cause a pandemic in society and their is no known cure!

7.) In May, 2020 at the Oklahoma State Penitentiary (OSP) several staff kitchen workers came to work with COVID-19 and infected several inmates that work in the kitchen.

8.) What has been reported about COVID-19 is that it stays on plastic for up to (30) days and in the air for up to four (4) hours. The facility does not provide any sanitary cleaning supplies because the ODOC can't afford to.

9.) This disease is just as deadly as second hand smoke, Risk of exposure to tuberculosis; exposure to asbestos, or cancer-causing chemicals or pesticides. The Eighth Amendment has clearly established laws that as a prisoner I do not have to await for "A tragic event" nor do I need to prove a serious health risk as long as the infliction of physical pain is evidence of fear, mental anguish and misery are established meets the Eighth Amendment requirement. See: Hill v. Marshall, 962 F.2d 1209, 1213-14 (6th Cir. 1992); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1980); Johnson-El v. Schoemehl; 878 F.2d 1043, 1045-55 (8th Cir. 1989); Clark v. Moran; 710 F.2d 4, 9-11 (1st. Cir. 1983); Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir. 2001) (holding psychological harm actionable under Eighth Amendment)

10) Plaintiff suffers from "Lumbar and cervical degenerative disk disease with probable spinal stenosis and radiculopathy", which is causing irreparable harm, now Plaintiff is suffering mental anguish and stress not just from worrying about whether I will become

unable to walk one day due to my spinal condition, but I am worried about whether I will contract COVID-19 from a staff member whom brings it into prison and exposes me to the disease, and since there is no known cure I would have to suffer and die.

11.) I am worried about my family, my mother, brothers sisters, nieces and nephews, aunts and uncle, and friends.

12.) I have been in prison for 31 years, I came in at 20 years of age, I am now 51 years old, with a degenerative disk disease, I am at a greater risk of catching COVID-19 and dying from it than a younger prisoner, and their is no ODOC remedies available.

13.) The Defendants are showing deliberate indifference to a risk to my health and safety, and to force me to a cruel condition of confinement by just having to sit and wait to see if I catch COVID-19 and die is the unnecessary and wanton infliction of pain, when the Defendants need my bed space.

14.) The State Department of Corrections need bed space and recently had to close down one of its private prisons because the State could not meet its finanical obligation, yet has over 7,000 older inmates that the Department could release to create the needed bed space.

15.) Plaintiff's Eighth Amendment is being violated, because their is no penological justification — other than Plaintiff was sentence to life, with the

the possibility of parole. Governor Kevin Stitt is constantly having to create new laws due to lack of funds for prisons, and has recently created an amendment to Truth and Sentencing 85% laws; however isn't it cruel to continue to amend 85% laws but not the laws that I was incarcerated under, that said my Life sentence was equivalent to (45) years for parole purposes, well if my time-sentence is commuted to a (45) year sentence, I discharged at (22 1/2) years, I have (31) years in prison. Therefore, today I am not only held in prison for my crime, but also because to commute my sentence to the parole intended (45) years would make the State indebted to me for holding me in prison over the time that I have discharged.

16.) My Equal Protection Under the Law, under the 14th Amendment is being violated because similar situated inmates serving Life sentences today are able to get relief from the amount of time they serve on the Life sentences, whereas my being under the "old" Law has not received any relief, when the Governor is doing so for the purpose allegedly - due to overcrowding.

17.) Plaintiff is requesting a three-panel Judges to make the determine whether I am entitled to relief due to my medical-spinal condition; COVID-19 and prison overcrowding. Plaintiff is being punished beyond the scope of his sentence, and Plaintiff was place in prison -as punish, not for punishment.

<u>Claim Two (2)</u>

<u>Declaratory Judgment</u>

18.) Plaintiff moves pursuant to Rule 57, Fed.R.Civ.P.
And under 28 U.S.C. sec. 2201, to ask this Court
to make a determination of Plaintiff's Eighth Amend-
ment rights in this matter of controversy, due to
Plaintiff's doubts as to whether the State of Oklahoma
has a right to confine me under such conditions after
serving (31) years of my Life sentence, when under
the law in which I was sentenced no longer exist
and was considered only a (45) year sentence for
parole purposes.
I am suffering from a "Lumbar and cervical degenerative
disk disease with probable spinal stenosis and
radiculopathy", which cause me to be in pain all
day and night, and the Oklahoma Department of
Corrections has shown deliberate indifference to my
serious medical needs by not telling me the severity
of my condition, failing to provide adequate medical
care by a qualified physician.
Now, I'm being cruelly exposed to a deadly infectious
disease, suffering mental anguish, and is not apart
of my sentence, see: Burlington Ins. Co. v. Oceanic
Design & Const., Inc., 383 F.3d 940 (9th Cir. 2004)
Duane Reade Inc. v. St Paul Fire and Marine Ins.
Co., 411 F.3d 384 (2d Cir. 2005).

19.) Plaintiff is asking the Court to declare my rights and
other legal relations, without my having to show irreparable
harm or inadequate remedies at law to get a declaratory
judgment. see: PGBA, LLC v. U.S., 389 F.3d 1219, 1228
n. 6 (Fed.Cir. 2004) and cases cited.
It is a binding adjudication of the rights and status of
litigants even if no consequential relief is awarded.
see: Seattle Audubon Soc. v. Moseley, 80 F.3d 1401, 42
Env't Rep. Cas. (BNA) 1568, 26 Envtl. L. Rep. 20980 (9th Cir. 2005)

20.) Plaintiff further assert that under Rule 57, Fed. R. Civ. P. The Court may order a speedy hearing of a declaratory judgment action, and Plaintiff is hereby asking this Court to do so.

## Claim Three (3)

### There Are No Available Remedies In ODOC Grievance Procedures

21.) The PLRA requires that I exhaust only available administrative remedies, and if there are no remedies available at the time exhaustion is not required. See: Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004), 42 U.S.C. sec. 1997 e (a)

22.) The grievance procedure for ODOC/OSP need not be exhausted because ODOC has no authority to grant me the relief that I seek which is to be release after 31 years due to my spinal condition and my age and exposure to a deadly infectious disease COVID-19 from a prison official, thus, their is no remedy available. See: Farnsworth v. Craven, 2007 WL 793397, *5 (D. Idaho Mar. 14, 2007)

23.) The ODOC Grievance Procedure do not address relief or remedies and need not be exhausted. See: McGrath v. Johnson, 67 F. Supp. 2d 499, 510-11 (E.D. Pa. 1999)

Wherefore, exhaustion requirements in this case should be excused.

<u>Claim Four (4)</u>

Plaintiff's Eighth Amendment Is Being
Violated By Defendants At Davis Correctional
Facility / Denial Of Continuity of Care/
Continuing Violation

24.) On October 2, 2020, I was transferred from the Oklahoma State
Penitentiary (OSP) to the Davis Correctional Facility (DCF).
On September 25, 2020, I was taken to OU Medical Center for
a MRI on my diagnosed "Lumbar And cervical degenerative
disk disease with probable spinal stenosis And Radiculopathy."
While at OSP I was told by a <u>new</u> doctor (Dr. Fabian) that the
MRI was being done to up-date it from the last time it was
done Sept. 17, 2018, And she would refer me to see A Neurologist.
I have two (2) other civil rights claims pending in this court
against certain prison officials at DCF; And now I am being
denied continuity of care And I am still suffering in pain As
my condition get worse.

25.) I am alleging that due to my suits I am suffering continuing
violation, because now with the COVID-19 staff at DCF has
come to work infected, And their Units And Pods that
house inmates have not outside air in the cell circulating
All the air is Recycled Air placing me at a greater risk
of contracting a infectious disease. See: id. Helling ;
Filipovic v. R & R Express Systems, Inc., 176 F. 3d 390, 396
(7th Cir. 1999); Tiberi v. CIGNA Corp., 89 F. 3d 1423, 1430-31
(10th Cir. 1996)

26.) I was at DCF in June 2017 to Jan. 2019 where DCF officials
And medical personnel showed me deliberate indifference
to my serious medical needs.
Upon my arrival to DCF on Oct. 2, 2020, I submitted
Sick Call Request that were not Addressed concerning

−15−

spinal condition, needing a copy of MRI - Radiologist Report done (8-25-20), wanting to know whether MRI shows any serious deterioration, wanting to know whether I would be able to see a Neurologist and none of my issues were addressed and I did not get the sick call request back. The Warden at DCF is last name Gentry, and he was involved in the pending civil rights suits filed in this Court, the ODOC Policy OP-090124 states that I cannot file a grievance about matters in the course of litigation - plus none of my RTS - Request To Staff have been answered.

27.) I am naming DCF - Medical Company Supplemental Health Care, Marty Welp; because Dr. Sander never comes to the Maximum Unit and there are log in - out sheets for medical personnel to sign.

28.) Dr. Fred Sanders and Ray Larimer are the gate-keepers over whether I receive 'continuity of care', but have not responded reasonable to my sick call request or returned any that is concerning my spinal condition.

A.) <u>The Davis Correctional Facility Is Manned By One Medical Doctor, One Nurse Practitioner</u>

29.) Plaintiff's life is in imminent danger of serious physical injury due to being incarcerated where prison officials and personnel can infect me with a deadly disease, and there are not medical treatment available, I'm at a Maximum facility/unit where both me and my cellmate has to be handcuffed behind the back, and Dr. Fred Sander is the only doctor for 1,680 inmates, one Nurse Practitioner; surely this is <u>not</u> a sufficient to provide medical care, especially in case of an emergency such as but limited to a COVID-19 outbreak, prison personnel and medical staff would most likely walk off their job before they infect their

-16-

family.

30) These named Defendants are showing deliberate indifference to my health and safety, they know about the COVID-19 yet they are disregarding a serious future risk to my health and safety, when the Defendants know their medical system is not equipped to treat me or deal with a major out-break.

31) I have a Eight Amendment right to be mentally free from the anguish and mental suffering caused by thinking if I will catch COVID-19 and just because I'm a prisoner serving a Life Sentence for First Degree Murder that happened 30 years ago, I was not sentence to death, torture or a lingering death, and in accordance with the highest Law in the land I do not have to await a tragic event for a remedy, which I've requested to be released from prison due to the COVID-19 outbreak and my spinal condition that is causing me irreparable harm without "adequate" medical care by a qualified physician to provide modern medical care for my serious medical needs.

32) The Eighth Amendment's basic concept is nothing less than the dignity of man, Plaintiff as a prisoner retain the essence of human dignity inherent in all persons and that dignity animates the Eighth Amendment prohibition against cruel and unusual punishment. SEE: Atkins v. Virginia, 536 U.S. 304, 311, 122 S.Ct. 2242, 153 L.Ed. 2d 335 (2002); Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)

33) The Court must not shrink from their obligation to "enforce the constitutional Rights of all persons, including prisoners" SEE: Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed. 2d 263 (1972). Courts may not allow constitutional violations to continue simply because a remedy would

involve intrusion into the realm of prison administration.

B. <u>The Defendants Kevin Stitt, Scott Crow, Tommy Sharp, Mr. Gentry; Core Civic, Inc., Patricia Sells, Marty Welp Supplemental Health Care, Dr. Fred Sanders And Ray Larimer Are Show Deliberate Indifference To A Risk To My Health And Safety And My Serious Medical Needs</u>

34.) Plaintiff asserts that these Defendants all know of the risk that COVID-19 poses to my future health and safety places me in imminent danger of serious physical injury, And I am already suffering from a "degenerative disk disease" that Defendants cannot treat in prison at the facility level, yet Dr. Sanders refuse to send me to a Neurologist or even tell me whether there is anything a Neurologist can do.

35.) I had a MRI on Sept. 25,2020 and noone has responded to my RTS requesting to know if the MRI shows severe deterioration. I told OSP Dr. Fabian and wrote OCF Dr. Sanders SCR explaining the <u>new</u> kind of pain I feel when I sit down and push with my legs to stand up, theres pains that shoot down my lower back into my buttock and legs; my neck is leaning forward like a turtle and it hurts when I have to sit up for long periods of time; and there is a pain in between my shoulder blades that is more pronounced.

36.) The Defendants are showing cruel and unusual punishment and inflicting pain and suffering wantonly, when I have repeatly told them that the medication Neurotion 800 mg. And Ibuprofen 800 mg which hurts my stomach. I was told ODOC/OSP/OCF do <u>not</u> provide any other kind of pain medication and my pain is excruciating, I'm suffering continuing violations, there is no medical care available for my condition in prison and ODOC has known about my deterioration, but only told me Nov. 2016.

## Claim Five (5)

### Defendant Tommy Sharp And Cheri Atkinson Retaliated By Placing Me On Grievance Restriction For Unfound Reasons / Showed Deliberate Indifference To My Health And Safety and Serious Medical Needs

37.) The Defendants Tommy Sharp, Warden of OSP placed me on Grievance Restriction for Unfound Reason on April 6, 2020, And Cheri Atkinson did the exact same for unfound reasons on April 15, 2020 falsely claiming I was on restriction when I was not. Cheri Atkinson placed me on grievance restriction again - extending the restrict until October 14, 2021.

38.) On Feb. 11, 2020, I was placed on the Segregation Housing Unit (SHU) And All of my legal documents were confiscated and set in disarray.

39) These named Defendants are retaliating against me for cooperating with ODOC Intern Affairs concerning a drug ring that my cell mate was involved in with two (2) OSP Staff And high ranking prison officials Allowed Kyle Faught-Moore And Samantha "Sammy" Anderson-Morgan to resign before they could be caught bring drugs in, by telling them about my allegations.

40.) I was punished by being placed on SHU for (120) days, on Administrative Segregation (A.S.) from August to October 2020, while the inmate that was involved in the drug ring was never taken to SHU the entire time that I was on the SHU.

-19-

## VI.    RELIEF REQUESTED

*Briefly state what you want the Court to do for you. Do not make legal arguments or cite cases or statutes.*

1.) Seventh Amendment Right to Jury Trial.

2.) Injunction - Official Capacity

3.) Declaratory Judgment - Official Capacity

4.) Medical Release From Prison Due To Cruel and Unusual Punishment And Having Served (31) Years on a Life-Sentence that (45) Years for parole purposes.

5.) $ 200,000.00

Each Defendant Is Being Sue In Their Individual Capacity And for Injunction And Declaratory Judgment In Their Official Capacity.

## VII.    PRISONER'S LITIGATION HISTORY

*The "Three Strikes Rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if the prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

Have you brought any other lawsuits in federal court while a prisoner?    ☒ Yes    ☐ No

If yes, how many?   Over (10) info not readily available

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)
- Did the court assess a "Strike" or find the dismissal a "Prior Occasion" pursuant to 28 U.S.C.1915 (g).

I have been assessed "three strike", however due to my spinal condition and the continuing violation in receiving adequate medical care in a timely manner once diagnosed Nov. 2016. I am under imminent danger of serious physical injury. And due to my risk of exposure to a deadly infectious disease that I can only get from prison employees bringing it into the facility.

<u>Litigation History, Cont. Sec. (VI)</u>

Most recent civic cases.

1. <u>Davis v. GEO Group Corrections Inc., et al., CIV-16-462, (W.D. Okla.) Medical, Conspiracy, Retaliation (Pending.)</u>

2.) <u>Davis v. Core Civic, Inc. et al., CIV-17-293-JFH-SPS (E.D. Okla) Medical, Retaliation, Conspiracy, Deliberate Indifferent to Health and Safety from other inmates (Pending)</u>

3.) <u>Davis v. Core Civic, Inc. et al., CIV-18-396-JFH-SPS (E.D. Okla) (Pending) – Deliberate Indifferent Medical, Conspiracy Retaliation, Excessive Force .</u>

4.) <u>Davis v. Crow, et al., CIV-20-90, RAW-SPS (E.D. Okla); Retaliation, Deliberate Indifference Safety, Equal Protection, (Pending) ,</u>

5. <u>Davis v. Crow, et al., CIV-20-106-RAW-SPS, (E.D. Okla); Class Action – COVID-19 ; Voluntarily Dismiss</u>

<u>Cont. Sec. (VIII)</u>

Plaintiff has once been grant Ifp, he asserts that he is in imminent danger of serious physical injury, 28 U.S.C. Sec. 1915(g).
There are OSP employees that have come to work and infected several inmates, some OSP employees are immune after having been exposed to COVID-19, but can still infect others are still allowed to work at the facility.
This shows deliberate indifferences to my health and safety and shows a subjective state of mind of prison officials which is exhibiting cruel and unusual punish and a willingness to inflict unnecessary and wanton pain and suffering upon me, in violation of my Eighth Amendment.

- 21 -

_____

_____

_____

_____

_____

_____

## VIII.  PLAINTIFF'S DECLARATIONS:

I declare under penalty of perjury that the foregoing is true and correct.  To the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

I agree to provide the Court Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Court Clerk's Office may result in the dismissal of my case.

_____          _____10-23-20_____
*Plaintiff's Signature*                                    *Date*


I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the __23__ day of __October__, 20_20_.

_____          _____10-23-20_____
*Plaintiff's Signature*                                    *Date*


Rev. 07/2019