## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EZEKIEL DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 20-384-RAW-SPS** |
| | ) | |
| **KEVIN STITT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff Ezekiel Davis, a pro se state prisoner who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma, brought this action pursuant to 42 U.S.C. § 1983.[1]  (Dkt. 1).  He has filed a motion for leave to proceed *in forma pauperis* and supporting documentation in conformance with 28 U.S.C. § 1915(a).  (Dkt. 2).  A review of his litigation history, however, indicates he has accumulated at least three prior civil rights actions that count as "prior occasions" or "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Davis v. GEO Group Corr.*, 696 F. App'x 851, 853 (10th Cir. 2017), and *Davis v.*

---

[1] Plaintiff alleges he was transferred to DCF from Oklahoma State Penitentiary (OSP) on October 2, 2020.  (Dkt. 1 at 15).

*Martin*, No. 17-6060, slip op. at 2 (10th Cir. Mar. 15, 2017) (unpublished), the Tenth Circuit

Court of Appeals found that Plaintiff had filed three or more civil actions or appeals while

incarcerated:   (1) *Davis v. Moles*, No. 02-CV-110-trb-PJC (N.D. Okla. Feb. 8, 2002)

(dismissed for failure to state a claim); (2) *Davis v. Jones*, No. 04-CV-819-HE (W.D. Okla.

Aug. 24, 2004) (dismissed without prejudice for failure to state a claim); and (3) *Davis v.*

*Ward*, No. 05-CV-558-HE (W.D. Okla. May 11, 2006) (dismissed for failure to exhaust

administrative remedies, which at the time constituted a failure to state a claim).

Plaintiff admits in his complaint that he has three "strikes" but argues he is in

imminent danger of serious physical injury:

> I have been assessed "three strike" [sic], however due to my spinal condition
> and the continuing violation in receiving adequate medical care in a timely
> manner once diagnosed Nov. 2016.  I am under imminent danger of serious
> physical injury and due to my risk of exposure to a deadly infectious disease
> that I can only get from prison employees bringing it into the facility.  . . .

> Plaintiff has once been grant [sic] IFP, he asserts that he is in imminent danger
> of serious physical injury, 28 U.S.C. § 1915(g).  There are OSP employees that
> have come to work and infected several inmates, some OSP employees are
> immune after having been exposed to COVID-19, but can still infect others are
> still allowed to work at the facility.

> This shows deliberate indifferences [sic] to my health and safety and shows a
> subjective state of mind of prison officials which is exhibiting cruel and
> unusual punish [sic] and a willingness to inflict unnecessary and wanton pain
> and suffering upon me, in violation of my Eighth Amendment.

(Dkt. 1 at 20-21).

"[A] prisoner qualifies for the exception if he makes specific, credible allegations of

imminent danger of serious physical harm." *Boles v. Colo. Dep't of Corr.*, 794 F. App'x 767,

770 (10th Cir. 2019) (quoting *Dopp v. Larimer*, 731 F. App'x 748, 751 (10th Cir. 2018)) (internal quotation marks omitted).   Further, "an inmate seeking the imminent danger exception must show 'a nexus between the imminent danger [he] alleges . . . and the legal claims asserted.'" *Lomax v. Ortiz-Marquez*, 754 F. App'x 756, 759 (10th Cir. 2018) (quoting *Pads v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).

In Claim One of the complaint, Plaintiff alleges that while incarcerated at OSP, several employees had COVID-19 and could have infected others at the facility.   He also claims the OSP employees who came to work while infected with COVID-19 exposed him to the risk of contracting an infectious disease.   He further contends that at the age of 51 with degenerative disk disease, he is at greater risk of being infected with COVID-19.   (Dkt. 1 at 9, 11).

In Claim Four, Plaintiff alleges the DCF staff have come to work infected with COVID-19, and the areas of the facility where inmates are housed do not have outside air circulating in the cells.   Instead, all the air is recycled, allegedly placing him at greater risk of infection.   (Dkt. 1 at 15).

Also in Claim Four, Plaintiff alleges that on September 25, 2020, he received an MRI at the University of Oklahoma Medical Center for his diagnosed "lumbar and cervical degenerative disk disease with probable spinal stenosis and radiculopathy."   While incarcerated at OSP, Dr. Fabian told Plaintiff that the MRI was being performed to update Plaintiff's medical tests, and she would refer him to a neurologist.   Upon his transfer to DCF on October 2, 2020, he submitted a Sick Call Request, asking for a copy of the radiologist's

report for his most recent MRI and wanting to know whether he would see a neurologist. The request, however, was not returned to him.  He wants to know whether the MRI shows deterioration in his condition, because his symptoms have increased.  Although Plaintiff has told the defendants that his pain medication hurts his stomach, he was advised that other types of pain medication are not provided.  (Dkt. 1 at 15, 18).

The Court notes that Plaintiff was not incarcerated at OSP when he commenced this lawsuit, therefore, the conditions at OSP no longer affected him at the time of filing.  He thus was not "under imminent danger of serious physical injury" from the OSP conditions.  To the extent Plaintiff is asserting he is in imminent danger of serious physical injury from potential COVID-19 exposure at DCF, the Court finds his conclusory allegations do not present specific, credible allegations of imminent danger of serious physical harm.

Regarding Plaintiff's diagnosis of "lumbar and cervical degenerative disk disease with probable spinal stenosis and radiculopathy," Plaintiff previously raised his condition in *Davis v. Crow*, No. CIV 20-090-RAW-SPS (E.D. Okla. Sept. 2, 2020), as a reason to escape the three-strike rule.  The Court found Plaintiff had raised this medical condition as far back as 2017 in *Davis v. CoreCivic*, No. CIV 17-293-JFH-SPS (E.D. Okla. July 31, 2017):

> In his original complaint in No. CIV 17-293-JFH-SPS, Plaintiff alleged he was diagnosed with "degenerative disk disease with probable spinal stenosis and radiculpathy (Lubar and cerival) [sic]" while incarcerated at Lawton Correctional Facility prior to May 30, 2017 (Dkt. 1 at 7).  In his June 7, 2019, motion for a temporary restraining order in No. CIV 17-293-JFH-SPS, he again complained that he had not received adequate medical care by a qualified physician at OSP for his diagnosed "lumbar and cervical degenerative disc disease with probable spinal stenosis with radiculopathy" (Dkt. 220 at 1).  The Court, therefore, concludes that Plaintiff's medical problem is an ongoing

condition that does not place him "under imminent danger of serious physical injury" under to 28 U.S.C. § 1915(g).

*Davis*, No. CIV 20-090-RAW-SPS, slip op. at 3 (Sept. 2, 2020) (footnote omitted) (Dkt. 9).

Here, the Court finds Plaintiff's claim about his medical condition still does not demonstrate that he is in imminent danger of serious physical injury, even though he claims without any specific information, that it somehow has worsened. The Court further finds Plaintiff's argument that he is "under imminent danger of suffering serious physical injury" because he has been denied medical care by a qualified physician is unpersuasive.

Because Plaintiff does not qualify for the exception in § 1915(g), the Court finds he may not be granted *in forma pauperis* status in this action. He, therefore, must pay the required fees for a civil rights action, which are **$350.00 for the filing fee and $52.00 for the administrative fee**. 28 U.S.C. § 1914(a); District Court Fee Schedule.

**ACCORDINGLY,** Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED. Plaintiff is directed to forward **$402.00** for the filing and administrative fees to the Court Clerk within twenty (20) days. The agency having custody of Plaintiff is ordered to release funds from Plaintiff's accounts, including Plaintiff's trust account, for payment of the fees. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 2nd day of March 2021.

.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

5