# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV 20-384-RAW-SPS |
| | ) |
| KEVIN STITT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff has filed a motion for the Court to reconsider (Dkt. 5) its Order Denying Leave to Proceed *In Forma Pauperis*, which was based on Plaintiff's accumulation of at least three "prior occasions" or "strikes" under 28 U.S.C. § 1915(g) (Dkt. 4). Citing Fed. R. Civ. P. 8(a), he argues that he has presented specific, credible allegations of imminent danger of serious harm, and he should not have to wait for a tragic event to receive relief.

After careful review, the Court finds that while the complaint may comply with Rule 8(a), Plaintiff's arguments for relief from the three-strike rule under section 1915(g) are unpersuasive. A plaintiff "should identify at least 'the general nature of the "serious physical injury" he asserts is imminent.'" *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quoting *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)). "'[V]ague and utterly conclusory assertions' are insufficient." *Id.* (quoting *White*, 157 F.3d at 1231).

As set forth in the Court's previous Order, Plaintiff presented conclusory arguments that he was "under imminent danger of serious physical injury . . . due to [his] risk of exposure to a deadly infectious disease [COVID-19]" (Dkt. 4 at 2). He also claimed that

because he is 51 years old with degenerative disk disease, and because of poor air circulation, he was at greater risk of infection. *Id*. at 3. He further complained he had not seen a copy of his MRI report or learned whether he would see a neurologist. *Id.* at 3-4. Finally, he asserted his symptoms had increased, and the defendants would not change his pain medication. *Id.* at 4.

In his present motion for reconsideration, Plaintiff alleges his spinal condition is worse, and the medication that had helped him manage the pain was discontinued. *Id*. at 1. He has submitted "new evidence" that was not available at the time this action was filed, which is a January 27, 2021, notice that his prescription for Neurontin (Gabapentin) no longer would be available at Davis Correctional Facility, where he was confined. (Dkt. 5-1 at 1). The notice further stated that numerous alternative prescription medications would be available as a substitute. *Id.* On February 9, 2021, Plaintiff signed a waiver of treatment for Cymbalta (Duloxetine), because "it hurts my kidneys & it's a psychotropic." (Dkt. 5-1 at 3). He allegedly was informed that his refusal could result in increased pain that is difficult to control. *Id.*

> There is only one exception to the prepayment requirement in § 1915(g), *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and it applies to a prisoner who "is under imminent danger of serious physical injury[,]" § 1915(g). To meet that exception, [Plaintiff] was required to make "specific, credible allegations of imminent danger of serious physical harm[.]" *Id.* (quotations omitted). . . . [T]he statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint.

*Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (abrogated on other

grounds).

The record shows that Plaintiff initiated this civil rights action on October 28, 2020, by filing a complaint (Dkt. 1). His additional medical information from January and February 2021, which he claims shows his imminent danger of serious physical injury, concerns matters that occurred after this lawsuit was commenced. Further, because has was transferred to Lawton Correctional Facility in March or April 2021, the conditions creating an alleged imminent danger of serious physical injury at Davis Correctional Facility by that facility's staff no longer affect him.

**ACCORDINGLY,** Plaintiff's motion for reconsideration of the Court's Order Denying Leave to Proceed *In Forma Pauperis* (Dkt. 5) is DENIED. Plaintiff is directed to forward **$402.00** for the filing and administrative fees to the Court Clerk within twenty (20) days. The agency having custody of Plaintiff is ordered to release funds from Plaintiff's accounts, including Plaintiff's trust account, for payment of the fees. Failure to comply with this Opinion and Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 29th day of April 2021.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma